UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

RICHARD MAGEE,                          )
                                        )
                Petitioner,             )
                                        )
        v.                              )        2:13-cr-00176-GZS-1
                                        )        2:17-cv-00484-GZS
                                        )
UNITED STATES OF AMERICA,               )
                                        )
                Respondent              )


## RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

In this action, Petitioner Richard Magee moves, pursuant to 28 U.S.C. § 2255,

to vacate, set aside or correct his sentence. (Motion, ECF No. 368.)  Following a guilty

plea, Petitioner was convicted of being a felon in possession of firearms, of distributing

cocaine, and of possession with intent to distribute cocaine; the Court sentenced Petitioner

to 70 months in prison.  (Judgment, ECF No. 301 at 1-3.)  The First Circuit affirmed the

conviction and the sentence on appeal.  *United States v. Magee*, 834 F.3d 30 (1st Cir. 2016),

*cert. denied*, 137 S. Ct. 1832 (2017).

In his reply memorandum, Petitioner reiterated that his sole section 2255 claim is

that appellate counsel provided ineffective assistance when counsel failed "to raise the

relevant conduct drug quantity issue" at sentencing.  (Motion at 4; Reply, ECF No. 376 at

2.)  Petitioner evidently contends appellate counsel was ineffective based on counsel's

failure to argue in accordance with the issue discussed in the concurring opinion in the First

Circuit's decision on Petitioner's appeal.  (*Id.*)  *Magee*, 834 F.3d at 38-39 (Torruella, J.,

concurring).[1]  Petitioner cites *Nelson v. Colorado*, --- U.S. ---, 137 S. Ct. 1249 (2017), in further support of the claim.  (Notice of Supreme Court Decision, ECF No. 371.)  In addition, Petitioner contends appellate counsel provided ineffective assistance when counsel conceded one of the two factual bases for the drug quantity calculation. (Memorandum in Support of Motion, ECF No. 370-1 at 5.)

---

[1] The concurring opinion states:

> Although I join the court's opinion finding that Magee waived any challenge to the district court's drug quantity calculation, I write separately to note my continuing disagreement with the government's practice of charging relatively minor crimes, while using section 1B1.3(a) of the Sentencing Guidelines (allowing for consideration of "relevant [uncharged] conduct") to argue for significantly enhanced terms of imprisonment.  *United States v. St. Hill*, 768 F.3d 33, 36 (1st Cir. 2014).  As I argued in *St. Hill*, it is constitutionally suspect to drastically increase a defendant's sentence based on conduct that was neither proven beyond a reasonable doubt nor to which the defendant plead guilty.  768 F.3d at 39-42 (Torruella, J., concurring).

> This case provides the perfect example of how egregious this enhancement may be.  Magee pled guilty to four drug charges, encompassing conduct that had a total cocaine amount of 40.8 grams (three separate sales of 3.5 grams plus 29.3 grams seized in his home).  This, along with his criminal history, would have resulted in a sentencing range of, at most, 18 to 24 months' imprisonment.  U.S.S.G. § 2D1.1(c)(14) (providing an offense level of 12 when the cocaine amount is less than 50 grams).  Instead, when relevant related conduct was taken into consideration, Magee was sentenced based on a significantly larger amount of cocaine (1,220.1 grams, *supra*, at 35-36).  This resulted in a sentencing range of 70 to 87 months' imprisonment.  In other words, Magee's sentence was enhanced by a minimum of almost <u>four years</u> (nearly quadrupling his total sentence) on the basis of conduct that was neither part of his guilty plea nor proven beyond a reasonable doubt. If the government wishes to hold Magee accountable for distributing 1,220.1 grams of cocaine then it should charge him with offenses that contain a corresponding amount of cocaine. Nevertheless, because Magee appeared to waive this issue I join the majority's opinion.

*United States v. Magee*, 834 F.3d 30, 38–39 (1st Cir. 2016) (Torruella, J., concurring) (footnotes omitted), *cert. denied*, 137 S. Ct. 1832 (2017).  In *United States v. St. Hill*, 768 F.3d 33 (1st Cir. 2014), following issuance of the opinion, in response to the appellant's motion, the First Circuit recalled the mandate, vacated the opinion, and affirmed the judgment, No. 13-2097 (1st Cir. Feb. 22, 2016); *cert. denied*, 137 S. Ct. 619 (2017).

Following a review of Petitioner's motion, the Government's request for dismissal, and the record, I recommend the Court grant the Government's request, and dismiss Petitioner's motion.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner pled guilty to four drug charges and to being a felon in possession of firearms, pursuant to 18 U.S.C. §§ 922(g)(1), 924(a)(2) (Count 1 for felon in possession); and pursuant to 21 U.S.C. § 841(a)(1), (b)(1)(C) (Counts 5, 6, and 7 for distribution of cocaine, and Count 18 for possession with intent to distribute cocaine). (Judgment at 1-2.) The Court sentenced Petitioner to a total concurrent prison term of 70 months, to be followed by concurrent terms of three years of supervised release. (Judgment at 3-4.)

Under the plea agreement, Petitioner agreed to be sentenced to a prison term of not more than 20 years on the drug charges. (Plea Agreement, ECF No. 248 at 1-2.) The plea was conditioned on Petitioner's right to appeal from several decisions on evidentiary issues and other issues. (Conditional Plea, ECF No. 247.)

At sentencing, counsel raised the due process argument that Petitioner includes in his section 2255 motion – *i.e.*, that the use of relevant uncharged conduct to enhance the sentence was improper;[2] the Court rejected the argument, explaining that Circuit precedent provided that relevant conduct, including conduct for which Petitioner was not charged or convicted, may be considered at sentencing. (Sentencing Tr., ECF No. 323 at 164-65.)

---

[2] Petitioner does not assert a section 2255 claim against trial counsel. (Motion, ECF No. 368 at 4; Memorandum in Support of Motion, ECF No. 370-1 at 30; Reply, ECF No. 376 at 2.)

Counsel also argued at sentencing that the Government's evidence of the drug quantity was speculative because Petitioner − by using the term "a thousand" during an intercepted telephone conversation with David Jones, which call was referred to as "Call 3869" − may have meant 1,000 grams; $1,000; or something else. (Sentencing Tr., ECF No. 323 at 160, 163-65, 171, 180.)[3]

Petitioner appealed from both the conviction and the sentence, and the First Circuit affirmed the judgment. *Magee*, 834 F.3d at 31. The First Circuit addressed both the drug quantity and the criminal history calculation.[4] *Id.* at 35-38. Regarding the drug quantity, the First Circuit noted that this Court "attributed over 1,000 grams of cocaine to Magee as relevant uncharged conduct." *Id.* at 35. The Court noted Petitioner's argument that the drug quantity testimony of Michael Paul was "too unreliable to credit as a general matter, given Paul's admitted memory problems." *Id.* at 36.

The Court concluded, however, that Petitioner had waived the drug quantity issue on appeal, because he failed to contest other evidence that supported the drug quantity:

> [T]he District Court found that the [presentence investigation report's] drug quantity calculation was correct based on Paul's drug quantity testimony "and the other evidence . . . [it] cited." That "other evidence" included an intercepted call in which Magee discussed drug quantity with Jones ("Call 3869"). The government argued below that Call 3869 itself was sufficient to establish that Magee was responsible for 1,000 grams of cocaine and thus that a [base offense level (BOL)] of 24 was warranted. On appeal, the government again contends that Call 3869 independently establishes that Magee dealt in 1,000 gram quantities of cocaine and thus that the District Court did not err in calculating a BOL of 24 for Magee. The government further contends that Magee, by virtue of his failure to address Call 3869,

---

[3] Petitioner did not contest that 70 grams was attributable to Petitioner's contact with Jones. (Sentencing Tr. at 151.)

[4] Petitioner does not assert a section 2255 claim regarding the criminal history calculation.

waived any challenge to the District Court's drug quantity and BOL determinations.

In his briefing to this Court, Magee did not address Call 3869. At oral argument, moreover, Magee conceded that the District Court's drug quantity and BOL determinations were adequately supported. Magee clarified that the purpose of his objection to Paul's drug quantity testimony was to contest the District Court's criminal history calculation, and not the District Court's drug quantity and BOL calculations. Under these circumstances, we conclude that Magee has waived any challenge to the District Court's drug quantity and BOL determinations.

*Id.* at 36-37 (footnotes omitted) (citing *United States v. Taveras*, 118 F. App'x 516, 517-18 (1st Cir. 2004) (per curiam)).[5]

The Supreme Court denied certiorari in April 2017. *Magee*, 137 S. Ct. 1832. Petitioner states he placed his section 2255 motion in the prison mailing system on December 12, 2017. (Motion at 12.)

---

[5] The First Circuit noted:

Call 3869, which took place on August 23, 2013, provides in relevant part:

Magee: Sounds good brother but in the meantime if you need something you know what, I go once a week only and I'm [. . .] usually only good for a day.

Jones: Yeah I know. [. . .]

Magee: Come back with f -----g a thousand and they are gone in f-----g two hours you know?

Jones: Yeah, I'm not looking for anything bigger than that . . .

A [Drug Enforcement Agency (DEA)] agent testified that the reference to "a thousand" was a coded reference to 1,000 grams of cocaine.

*Magee*, 834 F.3d at 36 n.6.

## II.    DISCUSSION

### A. Legal Standards

A person may move to vacate his or her sentence on one of four different grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction" to impose its sentence; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994).

The burden is on the section 2255 petitioner to establish by a preponderance of the evidence that he or she is entitled to section 2255 relief. *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998); *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978). When "a petition for federal habeas relief is presented to the judge who presided at the petitioner's trial, the judge is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing." *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993); *United States v. Isom*, 85 F.3d 831, 838 (1st Cir. 1996) (applying *McGill* to a case involving a plea).

A collateral challenge is not a substitute for an appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Berthoff v. United States*, 308 F.3d 124, 127 (1st Cir. 2002). "Accordingly, a defendant's failure to raise a claim in a timely manner at trial or on appeal constitutes a procedural default that bars collateral review, unless the defendant can demonstrate cause for the failure and prejudice or actual innocence." *Berthoff*,

308 F.3d at 127-28.  The Supreme Court has noted that "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

An allegation of ineffective assistance of counsel may excuse a procedural default, but only if the petitioner demonstrates both "that counsel's representation fell below an objective standard of reasonableness," and prejudice.  *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)).  A district court reviewing a claim of ineffective assistance of counsel need not address both prongs of the test, because a failure to meet either prong will undermine the claim.  *Strickland,* 466 U.S. at 697.  Furthermore, if a petitioner's "claims fail on the merits, his related claims that counsel rendered ineffective assistance in failing to press the claims at trial or on appeal must also fail."  *Tse v. United States*, 290 F.3d 462, 465 (1ˢᵗ Cir. 2002) (per curiam).

**B.  Claims and Analysis**

Petitioner's section 2255 claim is based in part on the concurring opinion in his appeal (quoted above) and on *Nelson*, in which the Supreme Court held that a Colorado law that provided for the State's retention of "conviction-related assessments unless and until the prevailing defendant institutes a discrete civil proceeding and proves her innocence by clear and convincing evidence . . . offends the Fourteenth Amendment's guarantee of due process."  137 S. Ct. at 1252.  In support of Petitioner's section 2255

motion, he attaches an article that posits "*Nelson* . . . may have effectively overruled the

Court's per curiam decision" in *United States v. Watts*, 519 U.S. 148 (1997) (per curiam).[6]

In *Watts*, the Supreme Court discussed 18 U.S.C. § 3661, "which codifies the

longstanding principle that sentencing courts have broad discretion to consider various

kinds of information." *Watts*, 519 U.S. at 151.  Section 3661 states:

> No limitation shall be placed on the information concerning the background,
> character, and conduct of a person convicted of an offense which a court of
> the United States may receive and consider for the purpose of imposing an
> appropriate sentence.

18 U.S.C. § 3661.  USSG § 1B1.4 states, correspondingly:

> In determining the sentence to impose within the guideline range, or whether
> a departure from the guidelines is warranted, the court may consider, without
> limitation, any information concerning the background, character and
> conduct of the defendant, unless otherwise prohibited by law. *See* 18 U.S.C.
> § 3661.

The law is well-settled that due process is not violated when the sentencing court

considers relevant uncharged conduct:

> The Supreme Court has held that the guidelines' grant of discretion to
> sentencing judges to consider a defendant's other relevant conduct, including
> uncharged or unconvicted conduct, is consistent with both the Sentencing
> Reform Act and principles of due process, provided that the underlying facts
> are found by a preponderance of the evidence.  *United States v. Watts,*
> [519 U.S. 148, 153–56] (1997).  It follows that there is no comparable
> statutory or constitutional impediment to considering a specific category of
> "relevant conduct" . . . .

---

[6] Petitioner attached to his Notice of Supreme Court Decision what appears to be a copy of an article by Alan Ellis, Mark H. Allenbaugh, & Doug Passion, entitled "Does an Acquittal Now Matter at Sentencing? Reining In Relevant Conduct Through a Recent Restitution Ruling," (Bloomberg Law Insights, BNA Criminal Law Reporter, Jan. 17, 2018, ECF No. 371-1).

*United States v. Gaffney-Kessell*, 772 F.3d 97, 101 (1st Cir. 2014) (concluding the sentencing court may take into account unconvicted sexual conduct under USSG § 4B1.5(b)).[7]  In *United States v. Cox*, 851 F.3d 113 (1st Cir. 2017), the First Circuit noted: "[W]e have previously considered, and rejected, arguments that the Fifth Amendment's Due Process Clause and the Sixth Amendment right to a jury trial prohibit the finding of sentencing facts by a preponderance of the evidence."  851 F.3d at 120 (citing, *inter alia*, *Watts*, 519 U.S. at 156; *United States v. Munyenyezi*, 781 F.3d 532, 544 (1st Cir. 2015) ("[A] judge can find facts for sentencing purposes by a preponderance of the evidence, so long as those facts do not affect either the statutory minimum or the statutory maximum.") (citations omitted)).

Appellate counsel was not required to challenge this settled precedent in order to satisfy the objective standard of reasonableness under *Strickland.  See* 466 U.S. at 688. "The law does not require counsel to raise every available nonfrivolous defense." *Knowles v. Mirzayance*, 556 U.S. 111, 127 (2009); *see Johnston v. Mitchell*, 871 F.3d 52, 63 (1st Cir. 2017).  Counsel's performance was not substandard for failing to raise an argument as to

---

[7] It appears the Fourth Circuit rejected an argument similar to Petitioner's in *United States v. Stanback*, Nos. 17-4687, 17-4688, --- F. App'x ---, 2018 WL 3006339, at *2 n.2, 2018 U.S. App. Lexis, 16144, at *3 n.2 (4th Cir. June 15, 2018) (concluding a career offender challenge under *Nelson* was "unavailing"). District courts in other jurisdictions have concluded *Nelson* did not overrule *Watts*.  In *United States v. Tegeler*, No. 4:14-cr-03091-JMG-CRZ, --- F. Supp.3d ---, 2018 WL 1954200, 2018 U.S. Dist. Lexis 65439 (D. Neb. Apr. 16, 2018), the court concluded that "*Nelson* simply has no bearing" on a due process claim that the defendant was sentenced based on uncharged misconduct. 2018 WL 1954200, at *2, 2018 U.S. Dist. Lexis 65439, at *6-7 (discussing *Miller v. United States*, No. 2:09-cr-20031-CM, 2018 WL 1693372, 2018 U.S. Dist. Lexis 58677 (D. Kan. Apr. 5, 2018); and citing *Wood v. United States*, No. 2:93-cr-00090-RBS-3, 2018 WL 793608, 2018 U.S. Dist. Lexis 21433 (E.D. Va. Feb. 8, 2018)). In *Tegeler*, the court concluded, among other things, that the defendant's due process claim failed on the merits, because "uncharged relevant conduct may be used to enhance a sentence imposed within statutory limits."  *Tegeler*, 2018 WL 1954200, at *3; 2018 U.S. Dist. Lexis 65439, at *8 (citing, *inter alia*, *Edwards v. United States*, 523 U.S. 511 (1998)).

which there was no Supreme Court precedent even if there was "nothing to lose." *See Knowles*, 556 U.S. at 122 ("This Court has never established anything akin to . . . [a] 'nothing to lose' standard for evaluating *Strickland* claims."); *Johnston*, 871 F.3d at 63. Furthermore, Petitioner cannot demonstrate prejudice because, given that the law is settled and decided unfavorably to Petitioner, he cannot demonstrate that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Petitioner additionally contends appellate counsel was ineffective because counsel waived the argument that the evidence regarding Call 3869 was insufficient to support the drug quantity. (Memorandum in Support of Motion at 5.) Petitioner apparently contends appellate counsel should have argued that the evidence was insufficient because the Government failed to produce a witness (Jones) with whom Petitioner had the intercepted telephone conversation in Call 3869, given that Petitioner expected Jones to testify on cross-examination that "any cocaine transactions between the two of them were relatively small in nature." (*Id.* at 27-28.)

Petitioner cannot demonstrate either deficient performance by appellate counsel or prejudice. Sentencing counsel did not make the specific argument Petitioner raises in the section 2255 motion, *i.e.*, that Jones would have testified on cross-examination that he understood Petitioner's reference to "a thousand" was a reference to something other than grams, or that Jones would have testified he engaged in only small transactions with Petitioner. Rather, sentencing counsel argued that the record evidence, to the extent it was

based on Call 3869, was speculative as to drug quantity.[8] (Sentencing Tr. at 160, 163-65, 171, 180.)

On the record, appellate counsel's argument would have been limited to the argument raised by sentencing counsel, *i.e.*, that the evidence was speculative and the Government had not met its burden. Given that the Drug Enforcement Agency agent testified that "'a thousand' was a coded reference to 1,000 grams of cocaine," appellate counsel would not have had a meritorious argument that the evidence of drug quantity was speculative. *Magee*, 834 F.3d at 36 n.6. Because the underlying argument lacked merit, the related claim of ineffective assistance of appellate counsel also fails. *See Tse*, 290 F.3d at 465.

## III.    CONCLUSION

Based on the foregoing analysis, I recommend the Court find that an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. In addition, I recommend the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

---

[8] Petitioner alleges that before the Drug Enforcement Agency agent testified that "a thousand" was a coded reference to 1,000 grams of cocaine, Petitioner was not aware the Government intended to rely on Call 3869 to increase the drug quantity. (Memorandum in Support of Motion at 28 ("Prior to [the agent's] subsequent testimony, Magee was totally unaware that the size of his transactions with Jones was even being debated.").) Nonetheless, sentencing counsel apparently did not seek to continue the sentencing hearing after the Government represented to the Court that Jones was not going to be available for cross-examination. (Sentencing Tr. at 99-100.) Petitioner does not allege sentencing counsel was ineffective in any way, nor would the record support such a claim in any event.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 3rd day of July, 2018.